**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TERRANCE WITHERSPOON,**

**Plaintiff,**

vs.

**9:24-CV-296**
**(MAD/DJS)**

**CHARLES JONES; DAVID SHELLHAMMER,**
*Formerly Known as Sneilhammer*; **JOSEPH VASILE;**
**JOHN DOES 1 THROUGH 5,** *Corrections Officers*;
**JOHN DOE,** *Corrections Sergeant*; **and**
**DENISE HOPKINS,** *Formerly Known as Jane Doe*,

**Defendants.**

---

**APPEARANCES:**

**OF COUNSEL:**

**TERRANCE WITHERSPOON**
25-B-2399
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**RACHAEL OUIMET, AAG**

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Terrance Witherspoon ("Plaintiff"), proceeding *pro se*, commenced this action on March

1, 2024.  *See* Dkt. No. 1.  The original complaint set out eight causes of action related to

Plaintiff's treatment while incarcerated at Auburn Correctional Facility ("Auburn") and named

fourteen defendants. *See id.* On July 3, 2025, this Court issued a Decision and Order dismissing some claims and defendants. *See* Dkt. No. 10. The following claims survived: (1) Eighth Amendment excessive force and failure-to-intervene claims against Corrections Sergeants Jane and John Doe, and Corrections Officers Joseph Vasile, David Shellhammer,[1] Charles Jones, and John Does 1 through 5, in connection with an alleged assault on Plaintiff on August 18, 2021; and (2) a Fourteenth Amendment equal protection claim against Jones, who allegedly used a racial slur against Plaintiff earlier that day. *See id.* at 5-8, 19.

On January 9, 2026, Vasile, Shellhammer, and Jones ("Defendants") filed a motion for partial dismissal and partial summary judgment. *See* Dkt. No. 27. Specifically, Defendant Jones moves for summary judgment on the equal protection claim for Plaintiff's failure to exhaust administrative remedies. *See* Dkt. No. 27-1 at 7-11. In the alternative, Defendant Jones seeks dismissal of the equal protection claim for failure to state a cause of action. *See id.* at 11-12. Defendants Vasile and Shellhammer move to dismiss the excessive force and failure-to-intervene claims against them for failure to state a claim. *See id.* at 12-15. Plaintiff opposed the motion on January 27, 2026, *see* Dkt. No. 31, and Defendants replied on February 6, 2026, *see* Dkt. No. 33.

In a Report-Recommendation and Order dated April 13, 2026, Magistrate Judge Daniel Stewart recommended granting the summary judgment motion and denying the motion to dismiss. *See* Dkt. No. 34. Plaintiff's objections to the Report-Recommendation and Order were filed on April 30, 2026. *See* Dkt. No. 36.

---

[1] Defendant Shellhammer was originally identified in the complaint as "Sneilhammer." *See* Dkt. No. 1 at 1, 3. After Defendants brought this error to the Court's attention, *see* Dkt. No. 27-1 at 3 n.1, Magistrate Judge Stewart ordered the Clerk of the Court to correct the docket, *see* Dkt. No. 34 at 2 n.2, 22.

Plaintiff filed an amended complaint on May 4, 2026. *See* Dkt. No. 37. The handwritten amendments are superimposed on the original complaint, and Plaintiff identifies Defendant Jane Doe as Corrections Sergeant Denise Hopkins, who is not a party to the motions now before the Court. *See id.* The Court discerns no other modifications to the original complaint.

For the reasons stated below, the Report-Recommendation and Order is adopted.

## II. BACKGROUND

For a recitation of the factual background, the parties are referred to this Court's July 2025 Decision and Order, *see* Dkt. No. 10 at 5-8, and Magistrate Judge Stewart's Report-Recommendation and Order, *see* Dkt. No. 34 at 2-4.

## III. DISCUSSION

### A.    Legal Standards

In reviewing a report-recommendation and order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citations and internal quotation marks omitted). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Id.* at 359 (citations omitted). Objections reiterating arguments already made to the magistrate judge are proper if they are timely and specific. *See id.* at 360-61. The Second Circuit has stated that "a party must object to [a] finding or recommendation on [an] issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 359 (citations and internal quotation

marks omitted).  When a party does not object, or do so properly, the court reviews the magistrate judge's recommendations for clear error.  *See id.* at 359-60.

*Pro se* litigants' filings should "'be liberally construed'" and "'held to less stringent standards'" than attorney-drafted submissions.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Accordingly, this Court must construe Plaintiff's filings "to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

Although "the filing of an amended [c]omplaint supersedes a plaintiff's original complaint in all respects[,]" *Praileau v. Fischer*, 930 F. Supp. 2d 383, 388 (N.D.N.Y. 2013) (citations omitted), it "does not moot a pending report-recommendation that identifies pleading defects in the original complaint when those defects remain in the . . . amended complaint[,]" *id.* at 389. "[A] district court retains the authority—and indeed the duty—to *sua sponte* review the pleading sufficiency of th[e] amended complaint." *Id.*

Magistrate Judge Stewart set forth the applicable legal standards for motions to dismiss and for summary judgment, Plaintiff did not object to those portions of the Report-Recommendation and Order, and the Court finds no clear error therein.

**B.    Plaintiff's Objections**

Plaintiff filed objections to the Report-Recommendation and Order.  *See* Dkt. No. 36. Some objections respond to Magistrate Judge Stewart's recommendations, while others are either non-responsive or incomprehensible.  *See id.*

In his first responsive objection, Plaintiff argues that he did not fail to exhaust his administrative remedies for the equal protection claim because he "inform[ed] Sergeant D. Hopkins about the racial slurs that Defendant Jones made[,]" and Sergeant Hopkins "told

4

[Plaintiff] that she would make sure [he] was safe and the situation was handled." *Id.* at 1; *see id.* at 3. Further, Plaintiff appears to insinuate for the first time that he filed a standalone grievance regarding the slur, which may have gone missing because "[t]here is alot [sic] of lying and a lot of cover up[.]" *Id.* at 3-4. Because Plaintiff raised at least one proper objection on the exhaustion issue, the Court reviews the corresponding portions of the Report-Recommendation and Order *de novo*.

On the Eighth Amendment claims against Defendants Vasile and Shellhammer, Plaintiff's objections appear to agree with Magistrate Judge Stewart's conclusions. For example, Magistrate Judge Stewart found that Plaintiff sufficiently alleged those Defendants' personal involvement in the Eighth Amendment violations and recommended that those claims survive. *See* Dkt. No. 34 at 15. Plaintiff argues that "[i]t is . . . hard to identify who did what when you have 8 officers attacking you[,]" Dkt. No. 36 at 5, which Magistrate Judge Stewart recognized, *see* Dkt. No. 34 at 17-18, and insists that he properly identified Defendants Vasile and Shellhammer under the circumstances, *see* Dkt. No. 36 at 5. The Court acknowledges Plaintiff's response to the Report-Recommendation and Order on this issue, but construes the "objections" as expressions of agreement as to the Eighth Amendment claims against Defendants Vasile and Shellhammer. As such, the Court reviews these portions of the Report-Recommendation and Order for clear error.

Plaintiff also makes several objections that are either unclear or do not respond to the Report-Recommendation and Order. For example, Plaintiff argues that he filed a grievance on August 19, 2021, and that the grievance was mishandled, but that objection does not address Magistrate Judge Stewart's conclusion that the grievance only notified Defendants of the beating, not the racial slur. *See id.* at 2, 4; Dkt. No. 34 at 9-12. He also "[o]bjects to the fact that retaliation was the outcome of the situation" when he allegedly told Sergeant Hopkins about the

racial slur and was subsequently beaten. Dkt. No. 36 at 1-2. To the extent Plaintiff contends his failure to exhaust administrative remedies is excused due to fear of retaliation, Magistrate Judge Stewart found this argument conclusory and unpersuasive because Plaintiff offers no supporting evidence or citations to the record. *See* Dkt. No. 34 at 13-14. Plaintiff takes issue with that conclusion, but the Court cannot discern any specific ground for the objection. Plaintiff writes in relevant part:

> The Department of Correctional Facility has a duty to protect an Incarcerated Individual from cruel and unusual punishment. Once the Handcuffs was on from the defendant I should of been put in SHU without incident. All because of a conversation that I had with the chain of command. . . . Since D. Hopkins is A sergeant and she over saw the block that day didn't want to be on my side because Her officers would of looked at her as a trader.

Dkt. No. 36 at 4. Accordingly, the Court reviews the corresponding portions of the Report-Recommendation and Order for clear error.[2]

## C.      Failure to Exhaust Administrative Remedies

Magistrate Judge Stewart recommended granting the motion for summary judgment on the equal protection claim because Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 34 at 8. For the reasons stated below, the motion is granted.

---

[2] Plaintiff's final objection challenges Magistrate Judge Stewart's denial of his motion to appoint counsel. *See* Dkt. No. 36 at 6. Magistrate judges have authority to rule on non-dispositive motions, such as motions to appoint counsel. *See Williams v. Houser*, No. 6:26-CV-338, 2026 WL 1333784, *2 (N.D.N.Y. May 13, 2026) (citations omitted). If a party timely objects to a magistrate judge's decision on a non-dispositive matter, "[t]he district judge . . . must consider [the] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The Court discerns no clear error in Magistrate Judge Stewart's order denying appointment of counsel at this time. The Court reminds Plaintiff that the denial is without prejudice, and as Magistrate Judge Stewart stated, Plaintiff may file a new motion for appointed counsel later in this litigation. *See* Dkt. No. 34 at 19-22.

"The Prison Litigation Reform Act ("PLRA") states that '[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Kearney v. Gebo*, No. 9:15-CV-253, 2017 WL 61951, *1 (N.D.N.Y. Jan. 4, 2017) (quoting 42 U.S.C. § 1997e(a)).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).  According to the Supreme Court, "'proper' exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court." *Kearney*, 2017 WL 61951, at *2 (citing *Woodford v. Ngo*, 548 U.S. 81, 90-103 (2006)).

In most cases, New York uses "a three-step administrative review process" that begins with the inmate filing a grievance. *Id.* at *2.  Generally, all three levels of review must be exhausted before an inmate may sue in federal court. *See id.* (citations omitted).  New York regulations prescribe an expedited review process when an inmate alleges harassment by a prison employee, but that expedited process still begins with the inmate filing a grievance. *See* N.Y. COMP. CODES R. & REGS. tit. 7, § 701.8.  "'The primary purpose of a grievance is to alert prison officials to a problem. . . .'" *Thomas v. Waugh*, No. 9:13-CV-321, 2018 WL 1508563, *5 (N.D.N.Y. Mar, 27, 2018) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)).  At minimum, an inmate's grievance must "provide prison officials with notice of the misconduct from which he seeks redress so that the prison may take appropriate responsive measures." *Reynolds v. Stone*, No. 9:20-CV-686, 2021 WL 3271805, *10 (N.D.N.Y. May 24, 2021), *R. & R. adopted*, 2021 WL 3269053 (N.D.N.Y. July 30, 2021) (citing *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).

7

An inmate's failure to exhaust is excusable if administrative remedies were unavailable. *See Kearney*, 2017 WL 61951, at \*2 (quoting *Ross v. Blake*, 578 U.S. 632, 635-36 (2016)). An administrative remedy may be considered unavailable if: (1) "it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (2) if it is part of "an administrative scheme . . . so opaque that it becomes, practically speaking, incapable of use[;]" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-44 (citations omitted).

Here, the record shows that Plaintiff filed grievance number AUB-0671-21 at Auburn on or about August 19, 2021. *See* Dkt. No. 27-5 at 12, 15-17. The grievance explains that on August 18, 2021, Plaintiff "informed the black female sergeant" (now alleged to be Hopkins) that another officer threatened him for asking why he could not use the phone to call his family. *See id.* at 16. The grievance goes on to say Hopkins gave Plaintiff her word that he would be safe, and after Plaintiff left his cell, the same officer who threatened him demanded that he "get on the wall." *Id.* The grievance states that after Plaintiff complied, eight officers jumped on him, broke his ribs, wrist, and foot, and gave him a concussion. *See id.* The grievance does not mention or allude to any use of a racial slur.

Plaintiff's filing of grievance number AUB-0671-21 indicates that the grievance process was available to him. *See id.* at 15-17. The record also shows Plaintiff completed an orientation program on grievance policies, *see* Dkt. No. 27-4 at ¶¶ 5-6, which Plaintiff does not dispute, *see* Dkt. No. 31 at 18, and he filed at least three other grievances between December 2016 and January 2021, *see* Dkt. No. 27-5 at 12. Furthermore, Plaintiff does not point to any evidence suggesting retaliation if he properly grieved the use of a racial slur. As Magistrate Judge Stewart

8

noted, this conclusory, unsupported claim is insufficient to defeat a summary judgment motion. *See* Dkt. No. 34 at 13-14; *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002)) ("'[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion'").

Although the August 19, 2021, grievance explains the alleged use of excessive force, its contents fail to put Defendants on notice of an equal protection violation under even the most liberal construction. *See* Dkt. No. 27-5 at 12, 15-17 (describing the alleged beating and labeling the grievance, "Assaulted By Officers"). Likewise, Plaintiff offers no evidence to support his speculation of a missing grievance or his sudden insinuation that he filed a separate grievance regarding a racial slur, which is raised for the first time in Plaintiff's objections. *See* Dkt. No. 36 at 3-4. Plaintiff also appears to argue that he notified the grievance committee of his conversation with Hopkins, during which he purportedly mentioned a racial slur, *see* Dkt. No. 31 at 18, but does not cite any supporting evidence in the record.

Moreover, the Hopkins conversation itself cannot substitute for a properly filed grievance. The Second Circuit has stated that allowing "generalized complaints regarding the conditions of an inmate's confinement . . . to shortcut the administrative remedy process . . . would appear to eviscerate the PLRA's exhaustion requirement[.]" *Johnson*, 680 F.3d at 239. Although at least one judge in this District previously determined that complaints made outside a formal grievance process satisfied the PLRA's exhaustion requirement, that conclusion was based on a fact-specific evaluation of "whether the informal efforts made to address [the] allegations administratively [were] sufficient to satisfy the essential functions of the exhaustion requirement." *Lewis ex rel. Lewis v. Gagne*, 281 F. Supp. 2d 429, 435 (N.D.N.Y. 2003). The *Lewis* court also found that the "informal efforts demonstrate[d] a reasonable attempt to exhaust all possible means before filing

in federal court." *Id.* (citing *O'Connor v. Featherston*, No. 01-CV-3251, 2002 WL 818085, \*2 (S.D.N.Y. Apr. 29, 2002); *Heath v. Saddlemire*, No. 9:96-CV-1998, 2002 WL 31242204, \*3-5 (N.D.N.Y. Oct. 7, 2002)).

Here, however, the record shows otherwise.  Plaintiff offers no evidence that a verbal mention of a racial slur was his best attempt at exhausting his administrative remedies, especially when he filed a grievance about separate conduct that allegedly occurred the same day.  The record is similarly devoid of evidence that any verbal report of a racial slur made its way through all levels of administrative review.  *See Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007) (citations omitted) ("Regardless of whether his tort claims or informal complaints put the prison officials on notice of his grievance '*in a substantive sense*,' *Johnson* [*v. Testman*] makes clear that to satisfy the PLRA a prisoner must also *procedurally* exhaust his available administrative remedies. . . . Because Macias does not argue that the BOP's administrative remedy system was so confusing that he justifiably believed his administrative tort claims and informal complaints were his only available remedies, Macias has no ground to argue that he procedurally exhausted his claims under *Johnson*").

Because Plaintiff fails to raise any dispute of material fact as to whether he exhausted administrative remedies for his equal protection claim, Defendant Jones's motion for summary judgment is granted, and the claim is dismissed.  The Court does not opine further on the merits of the equal protection claim.

**D.      Excessive Force and Failure-to-Intervene Claims**

Defendants Vasile and Shellhammer move to dismiss the Eighth Amendment excessive force and failure-to-intervene claims against them for failure to allege personal involvement.  *See* Dkt. No. 27-1 at 12.  Magistrate Judge Stewart recommended denying the motion because

10

Plaintiff sufficiently alleges their personal involvement.  *See* Dkt. No. 34 at 15.  For the reasons stated below, the motion is denied.

Magistrate Judge Stewart correctly stated that a § 1983 plaintiff must allege each defendant's personal involvement in the alleged constitutional violation.  *See id.*; *Arnold v. Town of Camillus*, 662 F. Supp. 3d 245, 262 (N.D.N.Y. 2023) (citations omitted); *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citations omitted).  In other words, "a plaintiff must 'allege a tangible connection between the acts of a defendant and the injuries suffered.'"  *Arnold*, 662 F. Supp. 3d at 262 (quoting *Beauchine v. City of Syracuse*, No. 5:21-CV-845, 2022 WL 561548, *15 (N.D.N.Y. Feb. 24, 2022)).  "Group pleading," or a "fail[ure] to differentiate as to which defendant was involved in the alleged unlawful conduct[,]" is usually not enough.  *Id.* at 266 (citation and internal quotation marks omitted).

However, as Magistrate Judge Stewart acknowledged, *see* Dkt. No. 34 at 17-18, broadly pleading multiple defendants' involvement may be acceptable if the allegations "can be liberally construed as plausibly alleging that all [the identified defendants] engaged in the alleged [constitutional violations][,]" *King-Knight v. New York*, No. 9:25-CV-317, 2026 WL 523067, *7 (N.D.N.Y. Feb. 25, 2026).  The Court adds that "a collective reference to multiple defendants may satisfy the pleading standard when, given the specific circumstances of the case and drawing all reasonable inferences in the plaintiff's favor, there [is] an understandable explanation for why the [c]omplaint was not more particularized." *Lawrence v. Shattick*, No. 8:24-CV-656, 2026 WL 237648, *5-6 (N.D.N.Y. Jan. 29, 2026) (citation and internal quotation marks omitted) (finding that a *pro se* plaintiff's broad reference to multiple defendants was sufficient because he allegedly experienced hallucinations and fell unconscious during the claimed constitutional violation); *see also Gomez-Kadawid v. Lee*, No. 20-CV-1786, 2022 WL 676096, *6-7 (S.D.N.Y. Feb. 3, 2022),

11

*R. & R. adopted*, 2022 WL 558125 (S.D.N.Y. Feb. 24, 2022) (determining that a *pro se* plaintiff's broad allegations of personal involvement were acceptable because the plaintiff was allegedly anesthetized while the challenged conduct was taking place).

Magistrate Judge Stewart noted that Plaintiff's complaint alleges eight corrections officers participated in beating him, but because Plaintiff lost consciousness during the beating, he could not specifically allege how each officer individually harmed him. *See* Dkt. No. 34 at 16. The amended complaint also contains these allegations. *See* Dkt. No. 37 at 5-6. Thus, Plaintiff's pleadings explain why he could not precisely allege how each officer violated his rights. Magistrate Judge Stewart also correctly stated that the complaint (and the amended complaint) accuses "all Defendants" of using excessive force and failing to intervene. *See* Dkt. No. 34 at 16; Dkt. No. 37 at 8. Specifically, both pleadings allege that "several C.O.s." [sic] punched and kicked Plaintiff, then pushed him down the stairs. *See* Dkt. No. 1 at 9; Dkt. No. 37 at 9. The complaint and amended complaint identify eight defendants who are corrections officers, including Defendants Vasile and Shellhammer. *See* Dkt. No. 1 at 1, 3; Dkt. No. 37 at 1, 3. The Court therefore finds no clear error with Magistrate Judge Stewart's conclusion that, construed liberally, Plaintiff's complaint and amended complaint plausibly allege Defendants Vasile and Shellhammer's personal involvement in the Eighth Amendment violations.[3]

### IV. CONCLUSION

---

[3] Magistrate Judge Stewart also credited new factual assertions of Defendants Vasile and Shellhammer's personal involvement in Plaintiff's opposition to the motion to dismiss. *See* Dkt. No. 34 at 18. Ordinarily, a court deciding a Rule 12(b)(6) motion to dismiss only considers the complaint and documents integral to, attached to, or incorporated by reference in the complaint. *See Berk v. Choy*, 607 U.S. 187, 193 (2026) (quoting FED. R. CIV. P. 12(d)); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). Because a liberal reading of the complaint shows Plaintiff sufficiently alleged Defendants Vasile and Shellhammer's personal involvement, the Court does not consider additional facts outside the complaint.

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 34) is **ADOPTED**; and the Court further

**ORDERS** that Defendants' motion for partial dismissal and partial summary judgment (Dkt. No. 27) is **GRANTED in part** and **DENIED in part**;[4] and the Court further

**ORDERS** that Plaintiff's equal protection claim against Defendant Jones is **DISMISSED** for failure to exhaust administrative remedies; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 19, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4] Defendant Jones's motion for partial summary judgment is granted.  Defendants Vasile and Shellhammer's partial motion to dismiss is denied.  Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Jones, Vasile, Shellhammer, Hopkins, Corrections Sergeant John Doe, and Corrections Officer John Does 1 through 5 remain.